UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:22-cr-043-TRM-SKL-3 |
| ) | |
| **ANITA CAMPBELL** ) | |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on November 7, 2023. At the hearing, Defendant moved to withdraw her not guilty plea to Count One of the three-count Indictment and entered a plea of guilty to the lesser included offense of the charge in Count One of the Indictment, that is, conspiracy to distribute methamphetamine (actual) in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) in exchange for the undertakings made by the government in the written plea agreement [Doc. 201]. On the basis of the record made at the hearing, I find Defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by Defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; Defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, I **RECOMMEND** Defendant's motion to withdraw her not guilty plea to Count One of the three-count Indictment be granted, her plea of guilty to the lesser included offense of the charge in Count One of the Indictment, that is, conspiracy to distribute methamphetamine (actual) in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) be accepted, the Court adjudicate Defendant guilty of the charges set forth in the lesser included offense of the charge in Count One of the Indictment, that is, conspiracy to distribute methamphetamine (actual) in

violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C), and a decision on whether to accept the plea agreement [Doc. 201] be deferred until sentencing.

Defendant filed an unopposed motion to remain on bond after entry of her plea pending sentencing pursuant to 18 U.S.C. §§ 3143(a) & 3145(c) [Doc. 216 & 215]. Defendant made an oral motion to seal the motions to remain on bond [Doc. 216 & 215[1]]. The Government agreed Defendant should remain on bond until sentencing due to her exceptional circumstances. Accordingly, pursuant to 18 U.S.C. § 3145(c), I find exceptional circumstances are present. As a result, Defendant's motion to remain on bond pending sentencing [Doc. 216] is **GRANTED** and I **RECOMMEND** that Defendant remain on bond under the same conditions of release pending sentencing in this matter.

Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

ENTER.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See 28 U.S.C. §636(b).

---

[1] Defendant's identical first motion to remain on bond [Doc. 215] is **TERMINATED as MOOT**.